AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 19 2016

MATTHEW J. DYKMAN
CLERK

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Randy Payton | ) | Case No. 16mj 3844 |
| Year of Birth: 1982 | ) | |
| | ) | |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of October 14, 2016 in the county of Bernalillo in the District of New Mexico, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 1153(a) | Offenses committed within Indian Country |
| 18 U.S.C. Section 1112 | Voluntary Manslaughter |

This criminal complaint is based on these facts:

On or about October 14, 2016, Randy Payton, did unlawfully kill John Doe, an Indian, upon a sudden quarrel or heat of passion, within the confines of the Navajo Nation Indian Reservation, which is Indian Country in the District of New Mexico in violation of Title 18, U.S.C. 1153(a) and 1112: Voluntary Manslaughter in Indian Country

☑ Continued on the attached sheet.

_____
Complainant's signature

Clay Huesman, Special Agent, FBI
Printed name and title

Sworn to before me and signed in my presence.

Date: 10-19-2016

_____
Judge's signature

Kirtan Khalsa, U.S. Magistrate Judge
Printed name and title

City and state: Albuquerque, NM

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. |
| VS ) | |
| ) | AFFIDAVIT IN |
| RANDY PAYTON ) | SUPPORT OF ARREST |
| Year of birth: 1982 ) | WARRANT |
| ) | |

I, the undersigned, being duly sworn, hereby depose and state as follows:

1. Your affiant is a Special Agent (SA) of the Federal Bureau of Investigation (FBI) and has been employed in that capacity since July 2006. Your affiant is currently assigned to the Albuquerque Division of the FBI, Gallup Resident Agency, and has primary responsibility for crimes occurring in Indian Country within the District of New Mexico. In this regard, the following information was developed from an investigation conducted by your affiant and/or communicated to him by other sworn Law Enforcement Officers regarding the death of John Doe, a 36 year-old Indian male, an enrolled member of the Navajo Nation, by RANDY PAYTON (hereinafter PAYTON), a 34 year-old Indian male, occurring within the exterior boundaries of Navajo Nation Indian Reservation.

2. This investigation concerns alleged violations of Title 18 U.S.C. § 1112 and 1153(a), Voluntary Manslaughter in Indian Country.

3. Your affiant is aware that on 10/15/2016 at approximately 3:30 P.M., a Navajo Nation Police Officer responded to the report of a deceased individual, John Doe, at RA 97 Crystal Hill, Mariano Lake, New Mexico, within the exterior boundaries of the Navajo Indian

1

Reservation, which is Indian Country in the District of New Mexico, and observed an individual without signs of life, later identified as John Doe.

4. On 10/15/2016 at 9:14 P.M., U.S. Magistrate Judge, B. Paul Briones authorized a Federal Search and Seizure Warrant on Oral Testimony from your affiant for the purpose of searching RA 97 Crystal Hill, Mariano Lake, New Mexico to recover the deceased, John Doe, as well as to search and seize any evidence of a crime. John Doe appeared to have suffered injuries consistent with a violent assault. Your affiant collected articles of clothing and tools with a red substance consistent with blood as well as samples of red substance consistent with blood from multiple rooms of the residence.

5. John Doe was pronounced dead on 10/16/2016, 12:30 A.M., at residence, RA 97 Crystal Hill, Mariano Lake, New Mexico, by New Mexico Office of the Medical Investigator, Field Investigator Pauline Houston.

6. On 10/17/2016, PAYTON was provided an Advice of Rights form, agreed he understood his rights which he waived and signed and was interviewed by your affiant and Navajo Nation Criminal Investigator Ben Yazzie. PAYTON advised he and John Doe, who were partners and lived together at the residence, had shared one or two pints of vodka throughout the day on Friday, 10/14/2016. In the evening back at their residence, John Doe drank a can of beer, specifically a can of Hurricane. PAYTON alleges John Doe instigated a fight following John Doe expressing concerns that someone, maybe an unidentified friend of PAYTON's, was going to show up at their residence. Payton took this to mean John Doe was very jealous. Regarding the events of 10/14/2016, PAYTON stated, "Yeah, I did get out of hand."

7. According to PAYTON, John Doe came at PAYTON with a fire stoker but missed PAYTON and hit the stove. PAYTON alleges he told John Doe to knock it off. PAYTON stated John Doe then came at PAYTON with a log hitting PAYTON in the knee. Your affiant observed an injury



to PAYTON consistent with being hit by a log. PAYTON advised he knocked the log out of John Doe's hand and John Doe fell by the TV in the living room. PAYTON claimed when John Doe came at him again PAYTON shoved John Doe to the side falling by the stove but not hitting anything. PAYTON claims he again told John Doe to knock it off.

8. PAYTON stated he got the (ash) shovel and smacked John Doe on the side. PAYTON touched his own right side to show the location he hit John Doe with the shovel. PAYTON advised both he and John Doe had their rage up. PAYTON stated John Doe was on the floor where PAYTON kicked him an unknown number of times. PAYTON stated he kicked John Doe in the stomach, chest and back with John Doe ending up by the bathroom door.

9. PAYTON stated John Doe went into the living room and got a metal piece, PAYTON described as a piece of metal from a trailer, from the floor and came at PAYTON with it but hit the wall instead of PAYTON. PAYTON claimed he told John Doe to stop because he was breaking everything and busting up walls. Your affiant did observe damage to the home where the incident occurred.

10. PAYTON stated he grabbed the metal piece out of John Doe's hand and hit John Doe with it, "not too hard," on his face. PAYTON motioned across the nose and cheek on himself to indicate the location he hit John Doe. PAYTON alleged he told John Doe they need to stop. PAYTON stated he slapped John Doe around some more with only his hands.

11. PAYTON stated somehow the (ash) shovel made it into the bathroom. PAYTON thought he hit the shower curtain with the (ash) shovel but hit back of John Doe's head instead.

12. On 10/17/2016, your affiant attended the autopsy of John Doe at the Office of the Medical Investigator in Albuquerque, New Mexico. Tools seized from the authorized search of RA 97 Crystal Hill, Mariano Lake, New Mexico were brought to the autopsy for visual review to assist the doctor with performing the autopsy. Some of the injuries found on John Doe were

3

CH

consistent with the shape of a tool, an ash shovel, collected from the residence. Your affiant believes this is consistent with the admission by PAYTON that he used the shovel to strike John Doe, on the side and head.

13. On 10/18/2016, your affiant spoke with an Investigator from the New Mexico Office of the Medical Investigator who advised Cause and Manner of death were pending. The investigator advised John Doe had extensive blunt force trauma to the head, torso and bilateral upper extremities, to include broken arms and ribs.

14. Based on the forgoing, your affiant submits that probable cause exists to show that RANDY PAYTON, An Indian CH, did unlawfully kill John Doe, an enrolled member of the Navajo Nation, on or about October 14, 2016, within the exterior boundaries of the Navajo Nation Indian Reservation, in Indian Country, in the District of New Mexico in violation Title 18 U.S.C. § 1153 and 1112, Voluntary Manslaughter in Indian Country.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

    Affiant is respectfully requesting an Arrest Warrant for RANDY PAYTON. I swear this information to be true.

Respectfully submitted,

Clay Huesman
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on October 19, 2016

UNITED STATES MAGISTRATE JUDGE

4